IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL ERIC COBBLE                                                                    PLAINTIFF

    v.                              Civil No. 14-2183

CITY OF CLARKSVILLE, ARKANSAS;
and the ARKANSAS STATE PATROL                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Daniel Eric Cobble, an inmate of the Riverbend Correctional Facility in Milledgeville, Georgia, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Cobble's complaint was provisionally filed subject to a later determination of whether his *in forma pauperis* (IFP) application should be granted.

### DISCUSSION

In his complaint, Cobble alleges his rights are being violated because he has been denied access to the courts since 2001. He alleges that Defendants have continually denied him, an out of state indigent prisoner, a means by which he can obtain state law to properly challenge charges against him. He alleges that Defendants have failed to compensate him in light of his exoneration of charges brought in 2001. Due to the actions of the Defendants, Cobble maintains he has illegally spent the last thirteen years in prior in Georgia.

As part of the Prison Litigation Reform Act (PLRA), 28 U.S.C. §1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment

of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision."

The three strikes rule applies to Cobble. He has at least three previous actions that qualify as strikes against him under § 1915(g). See e.g., Cobble v. Bloom, 1:04-CV-1150 (N.D. Georgia)(dismissed as frivolous on May 13, 2004); Cobble v. Ward, 1:04-CV-0560 (N.D. Georgia)(dismissed as frivolous March 31, 2004); Cobble v. Cobb County Police Dept., 1:02-CV-2821 (N.D. Georgia)(dismissed as frivolous on November 7, 2002). The Northern District of Georgia has also dismissed at least one case after application of the "three strikes rule." Cobble v. Donald, 1:09-CV-00089 (N. D. Georgia)(finding no imminent danger and dismissing pursuant to the three strikes rule on January 22, 2009).

There is no allegation in this case that Cobble is currently under imminent danger of serious physical injury. Cf. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary

reports).[1]  Therefore, Cobble is not eligible for IFP status.

## CONCLUSION

Accordingly, I recommend that Cobble's IFP application be denied pursuant to 28 U.S.C. § 1915(g), and the case dismissed without prejudice.  See Witzke v. Hiller, 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee).  Plaintiff should be advised that the case may be reopened on payment of the $400 filing fee and the filing of a motion to reopen.  It should be noted that, in the event that Cobble tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas.  The Clerk should be directed to place a "barred" flag on this case.

**Cobble has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Cobble is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 3rd day of November 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] In Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(s) and authorize the prisoner to pay the filing fee on the installment plan." Id. at 717.