IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL ERIC COBBLE                                                                                  PLAINTIFF

V.                                                      No.  14-2183

CITY of CLARKSVILLE, and
JOHN DOE                                                                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Reverse (ECF No. 16) and Motion for Leave to Appeal in forma pauperis (ECF No. 17).

### I.  Background:

The Petitioner filed a Petition under 42 U.S.C. §1983 on August 21, 2014.  A Report and Recommendation was entered on November 3, 2014 (ECF No. 10) finding that if the Petitioner did not qualify for IFP status because he had previously filed at least three previous actions that qualify as strikes against him under § 1915(g). *See e.g.,Cobble v. Bloom*, 1:04-CV-1150 (N.D. Georgia)(dismissed as frivolous on May 13, 2004); *Cobble v. Ward*, 1:04-CV-0560 (N.D. Georgia)(dismissed as frivolous March 31, 2004); *Cobble v. Cobb County Police Dept.*, 1:02-CV-2821 (N.D. Georgia)(dismissed as frivolous on November 7, 2002). The Northern District of Georgia has also dismissed at least one case after application of the "three strikes rule." *Cobble v. Donald*, 1:09-CV-00089 (N. D. Georgia)(finding no imminent danger and dismissing pursuant to the three strikes rule on January 22, 2009)[1]

The court entered an Order (ECF No. 13) on February 5, 2015 adopting the Report and Recommendation and entered Judgment (ECF No. 14) dismissing the claim.  The Petitioner filed

---

[1]The Petitioner also filed a Petition under 28 U.S.C. 2241 on August 11, 2014 alleging the same facts which was dismissed February 5, 2015.  See 2:14-cv-02175.

the current motions on February 18, 2015 and they are without merit.

## II.  Discussion

### A.  Motion to Reverse (ECF No. 16)

The Petitioner first claims that the court Judgment dismissing his claim should be reversed. The Petitioner's statements in his motion are difficult to follow.  The court has reviewed the Georgia Prison records which reflect that the Petitioner is incarcerated in the Georgia Prison system from Wilcox and Cobb county Georgia on charges of Obstructing a Law Enforcement Officer, Aggravated Stalking, Terrorist Threats and Acts and Criminal Interference with Government Property.  There does not appear to be any detainer on the Petitioner from the State of Arkansas and as stated in the Report and Recommendation in 14-cv-2175 the charge that the Petitioner was arrested on in 2001 in Arkansas was ultimately dismissed.

As the court stated in the prior case filed by the Petitioner the three-year limitations period contained in Arkansas's general personal-injury statute applies to § 1983 actions. See *Ketchum v. City of West Memphis*, 974 F.2d 81,82 (8th Cir.1992). Since the Petitioner's claim arose in 2001 any asserted 1983 claim would be well outside the limitations period.

The Petitioner has stated no new facts that would justify the court reversing the Judgment of Dismissal.

### B.  Motion to Appeal IFP (ECF No. 17).

The Petitioner has filed an Affidavit in Support of his Motion to Appeal IFP (ECF No. 16) which clearly demonstrates that he is indigent but since the Petitioner has previously filed at least three previous actions that qualify as strikes against him under §1915(g) his request to proceed IFP should be denied.

## III.  Conclusion

Based on the above, I recommend that the Motion to Reverse (**ECF No. 16**), and Motion to Proceed IFP (**ECF No. 17**) be **DENIED**.

**The Petitioner has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Petitioner is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED February 19, 2015.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE